UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Howard Cohan, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case Number: 1:15-cv-00193 |
| | ) |
| | ) Judge: Hon. Andrea R. Wood |
| | ) |
| Armada Hotel and Conference Center and | ) |
| Trademark Hospitality Group, Inc., | ) |
| | ) |
| Defendant. | ) |

**<u>PLAINTIFF, HOWARD COHAN'S, SECOND MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT AGAINST DEFENDANT, ARMADA HOTEL AND CONFERENCE CENTER AND TRADEMARK HOSPITALITY GROUP, INC.</u>**

Plaintiff, HOWARD COHAN, by and through undersigned counsel and pursuant to Rule 55(b)(1), hereby requests entry of a Final Default Judgment against Defendant, ARMADA HOTEL AND CONFERENCE CENTER and TRADEMARK HOSPITALITY GROUP, INC. In support of this request, Plaintiff relies upon the record of this case and declarations submitted herewith.[1] Furthermore, on August 11, 2015, defendant's owner, Faisal Balagan, appeared without counsel to contest the entry of Plaintiff's first motion for final judgment. Per the Court's order Defendant was given leave to hire counsel who was to enter an appearance by September 10, 2015 and file a responsive pleading by September 25, 2015. Counsel for Plaintiff appeared before the Court on September 30, 2015 and no one appeared for Defendant. As of the filing of this motion, there is no record of any appearance or responsive pleading and Defendants have shown zero due diligence in defending this matter or respect for the Court's orders. Therefore,

---

[1] A Declaration of No Answer and Declaration of Time are attached hereto respectively as Exhibits "1" and "2" in support of this Motion.

1

Defendants should not be granted any further additional time to respond to this complaint, as Defendants have been aware of the pendency of this case for well over seven months now, without taking *any* action.

Plaintiff is an individual with numerous disabilities including spinal stenosis, which causes a restriction to his spinal canal, resulting in a neurological deficit. Defendant is the lessee, operator, owner and lessor of the real property that is subject to this suit, and is located at 780 North Avenue, Glendale Heights, Illinois, 60139 ("Premises") and is the owner of the improvements where the Premises is located. The Premises consists of a hotel, to wit: The Armada Hotel and Conference Center, and qualifies as a place of public accommodation that is required to comply with the Americans with Disabilities Act ("ADA"). At the time of Plaintiff's initial visit to the Premises November 4, 2014 (and prior to instituting this action), Plaintiff suffered from a "qualified disability" under the ADA. While at the Premises, Plaintiff encountered violations of 42 U.S.C. § 12182 et. seq. and the 2010 American Disabilities Act Standards et. seq. that included Defendant's failure to provide a means of entry into the swimming pool and Jacuzzi and providing counter heights which exceed 36 inches. Plaintiff intends to return and enjoy the goods and/or services at the Premises on a spontaneous, full and equal basis. However, Plaintiff is precluded from doing so by Defendant's failure and refusal to rectify the Violation and provide disabled persons, such as Plaintiff, with full and equal access to Defendant's facilities at the Premises. Due to Defendant's failure to rectify the Violation, Plaintiff continues to suffer from discrimination and injury that can only be rectified through the relief sought herein. Defendant's failure to rectify the Violation that exists on the Premises was done in violation of the ADA and thus Plaintiff is entitled to injunctive relief and his attorneys' fees and costs associated with the instant litigation.

## LEGAL CLAIMS

To state a claim under the ADA a Plaintiff must allege he has been "discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. 12182(a). Here, Plaintiff has more than adequately alleged that he suffers from a qualified disability under the ADA. [D.E. 10 at ¶ 7]. Further, Plaintiff has sufficiently alleged that Defendant owns, leases or operate a place of public accommodation. [D.E. 10 at ¶ 5]. Here, Defendant is operating a place of public accommodation, as the Premises is used as an inn, motel or hotel, and thus Defendant was required to rectify the Violation and maintain the Premises in compliance with ADA. *See* 42 U.S.C. §1281(7)(A). Finally, Plaintiff alleges that Defendant discriminated against him within the meaning of the ADA and provides the exact provisions of the ADA that Defendant has violated. [D.E. 10 at ¶¶ 7, 11, 14, 15, 19, and 22]. Defendant has discriminated against Plaintiff by failing to provide a means of entry for persons with disability such as pool lift chair, sloped entry, transfer wall, or transfer platform, 2010 ADAAG §242.1 and §1009, and providing counter heights exceeding 36 inches making it impossible to service the disabled, 2010 ADAAG §7.2(1). Plaintiff has clearly stated a claim for relief under the ADA.

Additionally, where Plaintiff is seeking injunctive relief, as has occurred in this matter, Plaintiff must also show that there is a real and immediate threat of future injury. *Scherr v. Marriott Int'l,* 703 F.3d 1069, 1074-75 (7th Cir. 2013). Here, Plaintiff alleges that if Defendant modifies it Premises to comply with the ADA, then Plaintiff will be given equal access and equal enjoyment of the facilities at the Premises and his injury-in-fact will be redressed. [D.E. 10 at ¶¶ 8, 21 and 24]. Additionally, Plaintiff alleges that he will avail himself of the services offered at

the Premises in the future, provided that Defendant modifies the Premises or modifies the policies and practices to accommodate individuals who have physical disabilities. [D.E. 10 at ¶ 8]. Thus, Plaintiff has alleged that he suffered an injury-in-fact as a result of Defendant's failure to comply with the ADA and that the injury-in-fact can be rectified through Court intervention, which will alleviate the real and immediate threat of Plaintiff being subjected to future injury in the form of Plaintiff being denied equal access and equal enjoyment of the public accommodations at the Premises. Plaintiff clearly is entitled to relief sought.

Lastly, Plaintiff has made a demand for attorneys' fees and costs associated with this matter. As Plaintiff is the prevailing party in this matter, Plaintiff is entitled to a recovery of his reasonable attorneys' fees and costs associated with this matter and requests same. *See* 42 U.S.C. §12205.

## DAMAGES

Plaintiff has been damaged by Defendant's failure to maintain the Premises in compliance with the ADA. Due to Defendant's failure, Plaintiff is entitled to injunctive relief requiring Defendant to modify its Premises and rectify the Violations on said Premises so that the Premises are in compliance with the ADA. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff's injunctive relief, including an order to alter the Premises to make them readily accessible to and useable by individuals with disabilities to the extent required by the ADA and closing the Premises until the requisite modifications are completed. Furthermore, Plaintiff seeks an award of his attorneys' fees and costs in the amount of Nine Thousand Six Hundred Fifty Four dollars and No cents ($9,654.00). As Plaintiff is the prevailing party in this matter, Plaintiff is entitled to a recovery of his reasonable attorneys' fees and costs associated with this matter. *See* 42 U.S.C. §12205.

WHEREFORE, Plaintiff demands judgment against Defendant and requests the following injunctive and declaratory relief:

1. This Court declare that the Premises owned, operated and/or controlled by Defendant is in violation of the ADA;

2. This Court enter an Order requiring Defendant to alter its Premises to make them accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA by rectifying the following ADA violation:

    a. Defendant's failure to have an outdoor pool that provides accessible means of entry such as a swimming pool lift, sloped entry, transfer wall or transfer platform. 2010 ADAAG §242.1, §1009.2.

    b. Defendant's providing counter heights exceeding 36 inches making it impossible to service the disabled 2010 ADAAG §7.2(1).

3. This Court enter an Order directing Defendant to evaluate and neutralize their policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow Defendant to undertake and complete corrective procedures to the Premises;

4. This Court award reasonable attorney's fees and costs in the amount of Nine Thousand Six Hundred Fifty Four dollars and No cents ($9,354.00); and

5. This Court award such other and further relief as it may deem necessary, just and proper.

On Behalf of Plaintiff,

/s/ Ivo Tchernev
Ivo Tchernev, Esq.
Law Offices of Jacobson and Tchernev, Ltd.
33 N. Dearborn St., Suite 1907
Chicago, IL 60602
(312) 669-4441 Office
(312) 781-6732 Fax
legal@lawjtchicago.com
Illinois Bar Number: 6304132